**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ASHLEY NICOLE LOWE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-14-248-SPS** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER AWARDING
ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA**

The Plaintiff was the prevailing party in this appeal of the Commissioner of the

Social Security Administration's decision denying benefits under the Social Security Act.

She seeks attorney's fees and costs in the amount of $6,359.00 under the Equal Access to

Justice Act (the "EAJA"), 28 U.S.C. § 2412.  *See* Plaintiff's Motion and Brief in Support

for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412

[Docket No. 22].[1]  The Commissioner objects and urges the Court to deny the request.

For the reasons set forth below, the Court concludes that the Plaintiff should be awarded

the requested amount of attorney's fees under the EAJA as the prevailing party herein.

---

[1] The Court notes that the Plaintiff has also requested an additional $601.60 in her Reply Brief,
but finds that such a request is not properly before the Court at this time.  *See* Loc. Civ. R. 7.1(c)
("Each motion, application, or objection filed shall be a separate pleading[.]").

The Commissioner's sole argument in opposition to the requested fees under the EAJA is that the Commissioner's position was substantially justified, and that fees should therefore be denied.  The Court disagrees.

On appeal, the Plaintiff asserted that the ALJ improperly assessed the evidence, including her credibility, and further failed to meet his burden at step five.  This Court reversed and remanded, finding that the ALJ ignored evidence related to the claimant's functional limitations and failed to discuss all the evidence related to the claimant's impairments.  The Commissioner asserts that her position was substantially justified because the ALJ stated in his opinion that he had considered the entire record and all of the Plaintiff's symptoms, and that the Court should take the ALJ at his word.  *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988).  In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986).  *See also Hackett v. Barnhart*, 475 F.3d 1166, 1174

(10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002); *Marquez v. Colvin*, 2014 WL 2050754, at \*2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). Nevertheless, "it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258. Here in the Tenth Circuit, however, the practice is to take the ALJ at his word "*when the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions* demonstrate that he adequately considered the claimant's impairments." *Barnes v. Colvin*, 2015 WL 5827687, at \*5 (N.D. Okla. Oct. 6, 2015) (slip op) [emphasis added], *citing Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). Because this Court found that the ALJ did not adequately consider the evidence or discuss the reasons for his conclusions, the Court therefore *was not* required to take the ALJ at his word. Accordingly, the Court finds that the Commissioner's position was not substantially justified, and that an award of fees under the EAJA is reasonable in this case.

What matters here is that the Plaintiff was successful in obtaining a reversal of the Commissioner's denial of benefits on the basis of one of the propositions she advanced. *See Marquez*, 2014 WL 2050754, at \*2 ("Under the EAJA, 'fees generally should be awarded where the [Commissioner's] underlying action was unreasonable even if the

[Commissioner] advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002). The Commissioner has not challenged the amount of the fee request, only whether it should be awarded. The Court therefore concludes that the Plaintiff should be awarded the requested fee as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22] is hereby GRANTED and that the Government is hereby ordered to pay attorneys' fees in the amount of $6,359.00 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 3rd day of February, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma